Howell, J.
The defendant, J. A. DaRocha, having been convicted' and sentenced for “a malicious attempt to set fire to a house,” and “preparing combustible matters to set fire to a house,” has taken this’ appeal, and assigned several errors, one only of which we deem it necessary to examine.
Before empanelling the jury the accused challenged the array, on the ground “that the said panel of jurors was not drawn by the sheriff and' clerk of the court from the qualified voters of the parish and city of New Orleans at the time of said drawing, as required by law; that said list of jurprs, so drawn and returned as aforesaid, was drawn and returned from the list of registered voters of 1865, whereas said panel of jurors should have been drawn from the list of registered voters of 1867, taken and completed under the acts of Congress commonly called the Reconstruction Acts; and that said jurors were not drawn according to the order of the.Court.” To this the district attorney demurred, “ that the said challenge to the said jury panel, and the matters therein contained, in manner and form as the same are pleaded and set forth, are not sufficient to bar or preclude the said State from prosecuting the indictment in this case by a jury selected and empanelled from the said panel of jurors, and that the said State is not bound to quash the jury panel aforesaid.” The demurrer admits that the panel of jurors was drawn as set forth in the, challenge, and according to our ruling in the case of The State v. Morgan & Wilson, recently decided, the drawing was not in conformity to law, and the panel of jurors was not properly constituted. The objection on the part of the State that the challenge could be made only to the poll, and not to the array, is not well taken.
Each man called may have possessed the personal qualifications of a *357 juror, and yet not have been a good and proper juror in this case, because of informality in the drawing and making up the panel of jurors. The law-prescribes the mode and, manner of drawing the array, and that' mode must be pursued, or the array will be quashed; otherwise, the law would be nugatory.
The trial, conviction and sentence were consequently irregular and null, and the prisoner stands as though he had not been tried.
It is therefore ordered that the verdict of the jury be set aside and the judgment of the District Court reversed, without prejudice to the right of the State to proceed according to law. '